*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re CHARLES, Minors.

UNPUBLISHED
December 29, 2022

No. 361596
Wayne Circuit Court
Family Division
LC No. 2022-000477-NA

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order after preliminary hearing authorizing a petition for custody and removing respondent's children from her. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On March 31, 2022, the Department of Health and Human Services ("Department") filed a petition for removal and permanent custody of respondent's two children. The petition alleged that it was contrary to the children's welfare to remain in respondent's care because respondent mentally and physically abused her children and had a history of untreated mental illnesses. The petition was filed after respondent's two-month-old baby died under suspicious circumstances. All steps taken by Children's Protective Services (CPS) to prevent the children's removal failed.

At the preliminary hearing, respondent waived her right to a probable cause determination. The Department presented evidence at the hearing that respondent abused her son, had untreated mental health issues, and that respondent's son was afraid of her. The Department also introduced evidence that marks consistent with physical abuse were found on respondent's son. The trial court authorized the petition and removed the children, finding that it was contrary to the children's welfare to remain with respondent. This appeal followed.

## II. STANDARDS OF REVIEW

We review the trial court's findings of fact for clear error. *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020). A finding is clearly erroneous if we are "left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citation omitted). The

proper interpretation and application of statutes and court rules is reviewed de novo. *In re Williams*, 333 Mich App 172, 178; 958 NW2d 629 (2020).

## III. DISCUSSION

On appeal, respondent argues that the trial court clearly erred when it found that it was contrary to the children's welfare to remain with respondent and when it authorized the petition. We disagree.

Once the trial court authorizes a petition, the court must decide whether the child should be returned home or placed in foster care pending trial. *Benavides*, 334 Mich App at 167. To place the child into foster care, the court "must make explicit findings that 'it is contrary to the welfare of the child to remain at home,' MCR 3.965(C)(3), and 'reasonable efforts to prevent the removal of the child have been made or that reasonable efforts to prevent removal are not required,' MCR 3.965(C)(4)." *Id*. at 168. See also MCL 712A.13a(9).

On appeal, respondent argues that there was insufficient evidence to support the trial court's finding that it was contrary to the welfare of the children to remain with her. We disagree. The trial court found that respondent had untreated mental health issues; respondent's baby had died with blood in his stools suggesting suspicious circumstances; and respondent's son disclosed in a forensic interview that he was abused, was afraid of respondent, and said respondent stated he was responsible for his brother's death, and that he was bad luck for the family. The court also found that respondent's son had lesions on his foot that were consistent with physical abuse or burns without any explanation from respondent, and that respondent physically assaulted her son while he was in the safety plan. Respondent was referred to Team Wellness for mental health treatment in 2018 but there was no record of respondent attending treatment. Finally, the court included in its order that it was concerned for the children because of respondent's "erratic behaviors, aggression testified to on this record as well as her aberrant behaviors."

Aggressive behavior with a child along with suspicious marks on the child's body can support a finding that it is contrary to a child's welfare to remain with the respondent. *Benavides*, 334 Mich App at 169 (stating it was not clear error for the trial court to find it was contrary to the children's welfare to stay with the respondent where "[t]he children had a history of suspicious bruises, and respondent failed to stop 'roughhousing' with the children despite the agency's request."). Respondent was witnessed acting aggressively with her son and lesions consistent with abuse were found on him. Though the evidence of physical and emotional abuse was in relation to respondent's son, "[t]he doctrine of anticipatory neglect recognizes that [h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020) (quotation marks and citation omitted; second alteration in original). "Abuse or neglect of the second child is not a prerequisite for jurisdiction of that child and application of the doctrine of anticipatory neglect." *Id*. (quotation marks and citation omitted). Because of the evidence of physical and emotional abuse, the trial court did not clearly err when it found that the custody of the children with respondent presented a substantial risk of harm to their life, physical health, or mental well-being. See MCL 712A.13a(9)(a).

Respondent claims the evidence was insufficient because the CPS investigator's testimony was improperly made on the basis of hearsay. However, a trial court may consider hearsay

evidence so long as there are adequate indicia of trustworthiness accompanying the statement. MCR 3.965(C)(3). When reviewing findings for clear error, this Court must give "due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). Respondent's blanket assertion that the evidence was insufficient because the CPS investigator relied on hearsay is plainly wrong. The investigator relied on statements made by respondent and the children, and respondent has not pointed to anything to indicate that the statements were not trustworthy.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett